UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREY FORTMAN,<br><br>                Plaintiff,<br>    v.<br><br>DEBT ASSISTANCE NETWORK, LLC,<br><br>                Defendant. | CASE NO. 20-5019 RJB<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court the Plaintiff's Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment against Defendant Debt Assistance Network, LLC. Dkt. 23. The Court has considered the pleadings filed regarding the motion and the remaining file.

This case arises from the Defendant Debt Assistance Network, LLC's alleged unlawful conduct and unfair business practices as a credit repair organization hired by the Plaintiff. Dkt. 1. The Plaintiff now moves for summary judgment. For the reasons provided, the motion (Dkt. 23) should be granted.

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

## I. FACTS AND PROCEDURAL HISTORY

Sometime prior to April 7, 2016, Plaintiff amassed various consumer debts. Dkt. 1. On April 7, 2016, Plaintiff and Defendant signed a "Consumer Tender of Offer and Debt Assumption Agreement," in which Defendant agreed to "make contractual offers" to "modify the agreements with the debtor's creditors, and when accepted [it] will make the payments relating to said accounts under the modified agreements from the monthly statements received from the creditor." Dkt. 23-1, at 4. If a debtor's creditors did not agree to a modification, the Defendant offered a 100% refund. *Id.* Plaintiff paid a debt assumption fee of $8,853.16 for a "total enrolled debt of $22,134.20." *Id.*, 2. Defendant told the Plaintiff to stop making payments to creditors. Dkt. 23-11, at 7.

According to the Plaintiff, the Defendant did not respond to his multiple inquiries into whether his creditors had accepted the modified agreements. Dkt. 23-13. Around May 29, 2018, the Plaintiff began receiving collection letters from attorneys for one of his creditors. *Id.* Defendant did not meaningfully assist the Plaintiff and in August of 2018, one of his creditors filed a lawsuit against the Plaintiff. *Id.* The Plaintiff again turned to Defendant for help, but it did not assist him until December 15, 2018, when legal representation was finally provided to the Plaintiff. *Id.* The Defendant failed to provide any documents to those lawyers, and the Plaintiff's repeated requests to send them went unanswered; Plaintiff finally demanded a refund for $11,268.79, which the Plaintiff asserts represents the total he paid ($450 for setup fee, $10,458.85 for 29 months of full service, and $359.94 in administrative fees) . *Id.* According to the Plaintiff, he did not receive a refund, his creditors have not been paid, no credit repair has been performed, and the accounts are in default. *Id.*

On January 9, 2020, the Plaintiff filed this case, asserting claims against the Defendant for violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et. seq.* ("CROA"), the Washington Consumer Protection Act, RCW 19.86, *et. seq.* ("CPA"), negligence, breach of contract, intentional misrepresentation, and negligent misrepresentation. Dkt. 1. Scheduling orders were issued, the Joint Status Report was filed, and the parties began discovery.

In September, October and December of 2020, the Plaintiff moved for, and was awarded, sanctions against the Defendant for Defendant's Fed. R. Civ. P. 30(b)(6) representative's, Lee Sands, failure to appear at three scheduled depositions. Dkts. 12, 16 and 22. After finding that the requirements of Western District of Washington Local Civil Rule 83.2(b)(1) were met, the Defendant's lawyer was permitted to withdraw. Dkt. 13. Although the Defendant was warned that as a corporation it must be represented by counsel, no lawyer has appeared for the Defendant.

The Plaintiff now moves for summary judgment on his CROA, CPA, negligence, and breach of contract claims. Dkt. 23. The Defendant did not respond.

## II. DISCUSSION

### A. MOTION SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B. CROA, CPA, NEGLIGENCE AND BREACH OF CONTRACT CLAIMS

The Plaintiff's motion for summary judgment on Defendant's liability on the Plaintiff's CROA, CPA, negligence and breach of contract claims (Dkt. 23) should be granted for the reasons provided in the Plaintiff's motion. Under the current record, the Plaintiff has shown that there are no issues of material fact and he is entitled to a judgment as a matter of law on those claims.

In his conclusion, the Plaintiff further moves the Court for an order awarding him: 1) Reimbursement of payments by Plaintiff to Defendant in the amount of $11,268.79; 2) $5,000 in emotional distress damages; 3) $2,500 in credit damages; 4) Treble and/or punitive damages; 5) Attorneys' fees and costs to be determined by a fee petition.

The Plaintiff's motion for summary judgment for an award of $11,268.79 should be granted. The Plaintiff's claim for this amount is set out in his declaration (Dkt. 23-13) as the amount he actually paid the Defendants. To the extent that he moves for $5,000 in emotional distress damages and $2,500 in "credit damages," the motion should be denied without prejudice for lack of evidence supporting these amounts. To the extent that the Plaintiff moves for treble and/or punitive damages, the motion should be denied without prejudice. The Plaintiff failed to explain how much he seeks under what statute. Further, to the extent he seeks an award of costs and reasonable attorneys' fees, his motion should be granted. Under Washington's CPA, a prevailing consumer is entitled to an award of costs and reasonable attorney's fees. RCW 19.182.150. The Plaintiff fails to specify how much he seeks in costs and attorneys' fees.

By May 28, 2021, the Plaintiff should supplement the record, if possible, by filings under oath, providing the evidence and explaining the grounds for the claims for $5,000 in emotional distress damages, $2,500 in "credit damages," and for treble and/or punitive damages. By that same date, the Plaintiff's attorney should supplement the record with a costs and attorney's fee petition. Further, by May 28, 2021, the Plaintiff should inform the Court, in writing, what remains in the case or if the case can be dismissed and closed after entry of final judgment.

# III. ORDER

**IT IS ORDERED** that:

The Plaintiff's Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment against Defendant Debt Assistance Network, LLC (Dkt. 23) **IS:**

- **GRANTED** as to Defendant's liability on the Plaintiff's CROA, CPA, negligence and breach of contract claims, his motion for an award of $11,268.79 in actual damages, and his motion for an award of costs and reasonable attorneys' fees;

- **CONTINUED TO MAY 28, 2021** as to his claims for $5,000 in emotional distress damages, $2,500 in "credit damages," and for treble and/or punitive damages;

- The deadline for the Plaintiff to supplement the record, if possible, to provide the evidence and explain the grounds for the claims for $5,000 in emotional distress damages, $2,500 in "credit damages," and for treble and/or punitive damages **IS MAY 28, 2021**;

- The deadline for the Plaintiff's attorney to supplement the record with a cost bill and attorney's fee petition **May 28, 2021**; and

- By **May 28, 2021**, the parties **SHALL INFORM** the Court, in writing, what remains in the case or if the case can be dismissed and closed after entry of final judgment.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of May, 2021.

ROBERT J. BRYAN
United States District Judge