UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREY FORTMAN,<br><br>                        Plaintiff,<br>     v.<br><br>DEBT ASSISTANCE NETWORK, LLC,<br><br>                        Defendant. | CASE NO. 20-5019 RJB<br><br>ORDER ON PLAINTIFF'S<br>MOTION FOR ATTORNEYS' FEES<br>AND COSTS |

THIS MATTER comes before the Court the Plaintiff's Motion for Attorneys' Fees and Costs. Dkt. 26. The Court has considered the pleadings filed regarding the motion and the remaining file.

On January 9, 2020, the Plaintiff filed this case, asserting claims against the Defendant for violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et. seq.* ("CROA"), the Washington Consumer Protection Act, RCW 19.86, *et. seq.* ("CPA"), negligence, breach of contract, intentional misrepresentation, and negligent misrepresentation. Dkt. 1. This case arises

from the Defendant's alleged unlawful conduct and unfair business practices as a credit repair organization hired by the Plaintiff. *Id*.

On May 10, 2021, the Plaintiff's motion for summary judgment on Defendant's liability on the Plaintiff's CROA, CPA, negligence and breach of contract claims (Dkt. 23) was granted. Dkt. 25. The Plaintiff's motion (Dkt. 23) to award him $11,268.79 was granted. *Id*. The Plaintiff's motion to award him $5,000 in emotional distress damages, $2,500 in "credit damages," and treble and/or punitive damages (Dkt. 23) were denied without prejudice for lack of supporting evidence. *Id*. The Plaintiff's motion for an award of attorneys' fees and costs (Dkt. 23) was granted; but the Plaintiff did not request a particular amount. *Id*. The May 10, 2021 Order further provided:

> By May 28, 2021, the Plaintiff should supplement the record, if possible, by filings under oath, providing the evidence and explaining the grounds for the claims for $5,000 in emotional distress damages, $2,500 in "credit damages," and for treble and/or punitive damages. By that same date, the Plaintiff's attorney should supplement the record with a costs and attorney's fee petition. Further, by May 28, 2021, the Plaintiff should inform the Court, in writing, what remains in the case or if the case can be dismissed and closed after entry of final judgment.

Dkt. 25. The facts and procedural history are in that May 10, 2021 Order (Dkt. 25) and are adopted here. The Defendant did not respond to the Plaintiff's motion for attorney's fees and costs and has not participated in the case for months.

On May 28, 2021, the Plaintiff filed the instant motion for an award of attorneys' fees and costs. Dkt. 26. The Plaintiff also notified the Court that he wished to voluntarily dismiss his claims for intentional misrepresentation and negligent misrepresentation and damage claims for $5,000 in emotional distress damages, $2,500 in "credit damages," and for treble and/or punitive damages. Dkt. 27. Those claims were dismissed without prejudice. Dkt. 28.

The Court has already determined that the Plaintiff is entitled to an award of reasonable attorneys' fees and costs. This opinion will now turn to whether the requested amount - $40,848.13 is reasonable.

**DISCUSSION**

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (*internal and quotations citations omitted*).

Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

## A. LODESTAR AMOUNT

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health & Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

The hourly rates requested by Plaintiff's attorney is $375 for Ryan McBride. His rate is reasonable for the community and should be used to calculate fees. This opinion will now turn to the number of hours billed by Mr. McBride.

In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008)).

The Plaintiff claims his lawyer spent 98.7 hours on the case, which includes prevailing on his motion for summary judgement. Overall, the hours claimed are not "excessive, redundant, or otherwise unnecessary." *Gonzalez,* at 1203. The lodestar figure, then, is calculated as follows: 98.7 hours x $375 = $37,012.50. Based on a review of the time records submitted, $37,012.50 is a reasonable award of attorneys' fees in this case.

After making the lodestar computation, the court must assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the factors announced in *Kerr*. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). "Only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id*.

**B. *KERR* FACTORS**

Each of the *Kerr* factors will be addressed below.

1. <u>The Time and Labor Required</u>. The Court has commented on the time and labor required in determining reasonable hours.

2. <u>Novelty and Difficulty of Questions</u>. The questions in the case were not particularly difficult. The law is not complex. These factors do not favor a reduction or addition to the lodestar amount.

3. <u>Requisite Skill and Preclusion of Other Employment</u>. This case did not require exceptional skill to perform the legal service properly, and the lawyer did not show that it precluded other employment more than any other case would. The skill required is recognized in the hourly rate allowed.

4. <u>Customary Fee, Whether the Fee is Fixed or Contingent, Time Limits</u>. The customary fee in CROA and CPA cases is basically the lodestar amount. Enhancements are not customary. The fixed nature of the fees is considered in the hourly rates allowed. There is no evidence that any unusual time limits were placed on counsel, either by the client or by the circumstances.

5. <u>Amount Involved and Results Obtained</u>. The amount involved and the results obtained do not warrant an adjustment in the lodestar amount.

6. <u>Experience, Reputation and Ability of Attorneys, Undesirability of Case and Relationship with Client</u>.  The consideration of the experience, reputation and ability of this attorney is addressed above in the lodestar and no further consideration is required.  The desirability or undesirability of the case does not provide a basis to increase or reduce fees here, nor does the nature and length of the professional relationship with the client favor an enhancement or reduction of the lodestar.

7. <u>Awards in Similar Cases</u>.  Evidence has been submitted of awards of this nature in similar cases, and no departure from the lodestar calculation is warranted.

## C. COSTS

The Plaintiff's motion for an award of $3,835.63 in costs should be granted.  The costs are for the filing fee, copies, printing postage and other litigation expenses.

## D. CONCLUSION

The Plaintiff's motion (Dkt. 26) should be granted and Plaintiff should be awarded $37,012.50 in attorneys' fees and $3,835.63 in costs for a total of **$40,848.13**.  This motion is the only outstanding matter to be handled in the case.  A final judgment can now be entered and the case closed.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of June, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge